UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-202-T-33EAJ

MICHAEL ANTHONY PROZER, III
FEDOR STANLEY SALINAS
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Fedor Stanley Salinas's Motion in Limine to Prohibit Government's Proposed Rule 404(b) Evidence (Doc. # 122), filed on March 23, 2012. The Government filed a Response in Opposition to the Motion on April 2, 2012. (Doc. # 135). For the reasons that follow, the Court denies the Motion.

**Background**

Defendants are collectively charged in the Superseding Indictment with conspiracy to commit mail, wire, and bank fraud (count one), wire fraud (counts two through four), mail fraud (count five), and bank fraud (count six). Defendant Prozer alone is charged with making a false statement to a federally insured institution (count seven).

The indictment describes a scheme in which defendant Prozer obtained a multimillion dollar loan from Park Avenue Bank under false pretenses and with the assistance of Wachovia Bank employee and co-defendant Salinas. Allegedly, Salinas

represented to Park Avenue Bank that Prozer had significant sums on deposit at Wachovia Bank suitable to collateralize the loan requested from Park Avenue Bank.  After engaging in a series of allegedly fraudulent communications, Park Avenue Bank loaned Prozer the money.

The Government seeks to introduce, and Salinas seeks to bar, evidence of a similar transaction.  Although the Government's notice of intent to use 404(b) evidence is not before this Court, the Court surmises from reading Defendant's Motion that the evidence in question shows that Salinas previously made false representations to another lender, Morris Rendahl, regarding Prozer's sums on deposit at Wachovia Bank that did not actually exist in an attempt to garner a loan from Rendahl.

**Discussion**

Federal Rule of Evidence 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  Fed. R. Evid. 404(b).  In deciding whether evidence of other acts is admissible in a criminal case, the Eleventh

Circuit requires district courts to employ a three-part test:

> (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403.

United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

The Court finds that the previous false communications made by Salinas from his post at Wachovia Bank to a potential lender in an attempt to assist Prozer in unlawfully obtaining a loan is relevant to an issue other than Salinas's character. By pleading not guilty, Salinas has placed his intent at issue. United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007)("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence."). Where the other acts involved the same state of mind as required for conviction of the charged offense, as in this case, the other acts are relevant to intent. Zapata, 139 F.3d at 1358. As a result, these other acts appear on the current record to be relevant to the unresolved issue of Salinas's intent.

In addition, the Court is preliminarily satisfied that the Government will be able to present sufficient evidence to

3

permit a jury to find that Salinas engaged in the prior conduct based on the testimony proffered in the Government's Response in Opposition to the Motion in Limine. (Doc. # 135 at 7).

Finally, the Court must determine whether the other acts should be excluded under Rule 403. In so doing, the Court must determine whether the risk of unfair prejudice from the other acts evidence substantially outweighs the probative value of the evidence. In making this determination, the Court considers "whether it appear[s] at the commencement of trial that the defendant [will] contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." Edouard, 485 F.3d at 1345. As argued by the Government, the issue of intent is directly at issue, the extrinsic evidence is very similar to the charged conduct, and it appears that all of the acts occurred within the same time frame. On the present record, the Court simply cannot conclude that the risk of unfair prejudice outweighs the probative value of this evidence. Thus, the Court concludes on the present record that the other acts in question are admissible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Fedor Stanley Salinas's Motion in Limine to Prohibit Government's Proposed Rule 404(b) Evidence (Doc. # 122) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of April 2012.

                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies: All counsel of record